FILED
FEB 14 2011

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

GUNNAR H. MERTZ,

           Plaintiff,

v.

FEMA, Department of Homeland Security,

           Defendant.

Case No.: 10-CV-260-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Defendant, the Federal Emergency Management Agency, Department of Homeland Security, ("FEMA") moves to dismiss the complaint filed by Gunnar H. Mertz ("Mertz") to collect monies due him under a Standard Flood Insurance Policy issued pursuant to the National Flood Insurance

Act of 1968 (42 U.S.C. 4001 *et seq.*)(the "Act"). FEMA asserts that the United States did not consent to this suit, that it retains its sovereign immunity, and that the court lacks subject matter jurisdiction over this matter. The court finds that the limited waiver of sovereign immunity set forth in the Act does not apply to the case at hand and that it lacks jurisdiction over the claims asserted by Mertz.

*Background*

Mertz purchased a Standard Flood Insurance Policy (the "Policy") to protect his home and contents located in Clackamas, Oregon (the "Property"). The Policy was issued pursuant to the Act by American Family Mutual Insurance Company ("American") as an insurance carrier participating in the write-your-own program ("WYO Program"). On January 2, 2009, the Clackamas River flooded and caused damage to the Property. (Am. Compl. at 1.) Mertz filed a claim with American seeking payment for his losses. On May 1, 2009, American informed Mertz by letter that his claim for damage to his air handlers, refrigerator/freezers, and driveway gravel was not covered under the Policy and was, therefore, denied. (Am. Compl. Ex. A, at 1-4.) American advised Mertz that if he did not agree with the decision, he could filed an appeal of the decision within sixty days to FEMA. (Am. Compl. Ex. A, at 4-5.)   Mertz appealed the denial by American. (Am. Compl. at 1.)

In a letter dated December 31, 2009, FEMA notified Mertz that it had evaluated his claim file and determined there were no obvious discrepancies or inconsistencies in the adjustment of his claim. (Am. Compl. Ex. B, at 1.) FEMA explained that "coverage limitations, the policy conditions and coverage exclusions were correctly stated by American Family. On the basis of all information provided by the parties involved in this matter, FEMA concurs with American Family's position and upholds their final determination. No further administrative review will be provided." (Am. Compl.

Ex. B, at 2.) FEMA then advised Mertz that if he did not agree with the decision, he should refer to Section VII, General Conditions, Paragraph R of the Policy which provides:

> You may not sue us to recover money under the **policy** unless you have complied with all the requirements of the **policy**. If you do sue, you must start the suit within 1 year after the date of the written denial of all or part of the claims, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this **policy** and to any dispute that you may have arising out of the handling of any claim under the **policy**.

(Am. Compl. Ex. B, at 2.) FEMA also informed Mertz that "[t]he 1 year period to file suit commences with the written denial from your insurer and is not extended by the appeals process." (Am. Compl. Ex. B, at 2.) Mertz filed this action against FEMA on March 9, 2010, alleging that the denial of his claim was in error and seeking $13,932 for damage to the Property.

*Legal Standard*

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)(quoting *Iqbal*, 129 S. Ct. at 1949).

In cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)("[F]ederal courts liberally to construe the 'inartful pleadings' of pro se litigants."). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-624.

## *Discussion*

The question presented to the court is whether Congress waived the sovereign immunity of the United States for actions brought by insureds for monies due under a Standard Flood Insurance Policy issued by a private insurer pursuant to the WYO Program administered under the terms of the Act. Mertz asserts that such a waiver exists while FEMA argues to the contrary.

As a general rule, sovereign immunity bars suits against the United States absent explicit consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981). The United States must clearly waive immunity through an unequivocal expression in statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Waiver cannot be implied, and any expressed waiver will be strictly and narrowly construed in favor of the United States. *Id.* Plaintiffs have the burden of pointing to an unequivocal waiver of immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied sub nom.*, *Holloman v. Clark*, 466 U.S. 958 (1984).

Page 4- FINDINGS AND RECOMMENDATION                                    {SIB}

The primary purpose of the Act, and the National Flood Insurance Program (the "Program") created thereunder, was to provide flood insurance at a reasonable price and on reasonable terms to the general public. 42 U.S.C. § 4001 (2007); *Flick v. Liberty Mut. Life Ins. Co.*, 205 F.3d 386, 387-88 (9th Cir. 2000). Prior to 1983, all flood insurance policies written under the Act were deemed issued by the Federal Insurance Administration ("Adminstration"). *Flick*, 205 F.3d at 389. In 1983, FEMA, who assumed the responsibility for operating both the Program and the Administration five years earlier, created the WYO Program which "allows private insurers to write standard flood insurance policies under their own names." *Id.* (*citing* 44 C.F.R. § 62.23). The terms of the Standard Flood Insurance Policies issued by private insurers under the WYO Program are governed by the Act and FEMA. 42 U.S.C. § 4013 (2007); 44 C.F.R. § 61.4(a) (2010). In the case of a private insurer issuing a policy under the WYO Program, the policy is executed by the private insurer as "Insurer, in the place and stead of the Federal Insurance Administrator" and the private insurer is to substitute its own name where FEMA and Administration appear in the policy. 44 C.F.R. § 61.13(f)(2010).

The private insurers are responsible for "the adjustment, settlement, payment and defense of all claims arising from polices of flood insurance it issues under the [WYO] Program, based upon the terms and conditions of the Standard Flood Insurance Policy." 44 C.F.R. § 62.23(d) (2010). The regulations make it clear that in carrying out its functions under the WYO Program, the private insurer "shall use its own customary standards, staff and independent contractor resources, as it would in the ordinary and necessary conduct of its own business affairs, subject to the Act and [these] regulations," and that private insurers are not considered agents of the federal government but are "solely responsible for their obligations to their insurers under any flood insurance policies issued pursuant to arrangements entered into with the Administrator." 44 C.F.R. § 62.23 (f) and (g)

(2010). The federal government merely acts as a guarantor of the insurer and pays claims allowed by the insurers, or otherwise found to be due under the policy, from the National Insurance Fund, which is located in the United States Treasury. *Flick*. 205 F.3d at 392.

The federal government also provides an optional intermediate level of review of a decision made by an insurer with regard to a claim asserted under a Standard Flood Insurance Policy. 44 C.F.R. § 62.20 (2010). The initial claim for a loss under such policy must be timely presented to the insurer – either FEMA, if the policy was issued by the Administration, or the private insurer, if the policy was issued by the private insurer pursuant to the WYO Program. The insurer must inform the insured, in writing, of its decision to accept or deny the claim. If the insurer denies the claim, either in whole or in part, the insured may appeal the insurer's final claim determination to the Federal Insurance Administrator ("Adminstrator"), provided the dispute is not subject to appraisal or the insured has not filed an action in federal court. 44 C.F.R. § 62.20 (b)-(d) (2010). "The appeals process is intended to resolve claim issues and is not intended to grant coverage or limits that are not provided by the [Standard Flood Insurance Policy.]" 44 C.F.R. §62.20(c) (2010). In other words, the Administrator is merely reviewing the final decision of the underlying insurer for errors, not making a claim determination or assuming an obligation under the policy. Upon receiving an adverse appeal decision from the Administrator, the insured may then sue the insurer – again either FEMA, if the policy was issued by the Administration, or the private insurer, if the policy was issued by a private insurer pursuant to the WYO Program – in the United States District Court of the district in which the property is located for monies it claims are due under the policy. 44 C.F.R. 62.20(f)(4) (2010).

The Act allows a suit against FEMA only when the policy is issued by the Administration.

Specifically, the Act provides that:

> [t]he Director[1] shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (2007). In the context of a policy issued pursuant to the WYO Program, the Director never "disallows" a claim. This same limitation is found in the regulations which specifically provide that:

> A WYO Company shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Federal Insurance Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies.

44 C.F.R. § 62.23(g). Accordingly, the waiver of sovereign immunity by Congress under the Act is not applicable to claims for monies due under policies issued by private insurers pursuant to the WYO Program. Numerous district courts have engaged in a similar analysis and arrived at the same conclusion. *Bruno v. Paulison*, Civil No. RDB 08-0494, 2009 U.S. Dist. LEXIS 13910, at *15-16 (D. Md. Feb. 12, 2009)("[T]his limited waiver applies 'exclusively to the situation where FEMA *directly* denies an application'" and "does not extend to suits involving the actions of WYO companies in issuing, adjusting, or disallowing claims.")(*quoting Hower v. FEMA*, CV No. 04-222, 2004 U.S. Dist. LEXIS 22486, at *4 (E.D. Pa. Oct. 20, 2004)(emphasis in original); *Sutor v. FEMA*,

---

[1] "Director" is defined in the Act as "the Director of the Federal Emergency Management Agency." 42 U.S.C. § 4003(6) (2007).

CV Nos. 06-1371 and 07-2477, 2008 U.S. Dist. LEXIS 36723, at *6-7 (E.D. Pa. May 5, 2008)("The federal government has made a limited waiver of sovereign immunity where FEMA issues a SFIP and denies claims under that policy."); *Mason v. Witt*, 74 F.Supp.2d 955, 959 (E.D. Cal. 1999)("This court finds that this waiver is narrow and represents consent only to those actions which stem from FEMA's denial of claims. In this case, according to Plaintiff's complaint, Plaintiff's claim was denied by the WYO company – Defendant Bankers – and not FEMA or, as its agent, FIA."); *Gumpert v. Allstate Ins. Co.*, CV No. 97-1531, 1997 U.S. Dist. LEXIS 13161, at *8 ( E.D. La. Aug. 27, 1997)("Congress provided only a limited waiver of sovereign immunity under the National Food Insurance Program (NFIP) – that is, only with respect to circumstances involving the denial of a claim submitted pursuant to a federally-issued SFIP under 42 U.S.C. § 4071.").

Here, there is no dispute that Mertz purchased the Policy from American pursuant to he WYO Program. Mertz presented his proof of loss and claim to American, as the insurer under the Policy, and American disallowed the claims. While Mertz appealed American's decision to FEMA and FEMA upheld the claim determination made by Nationwide, in doing so it was acting pursuant to its duty to provide an optional intermediate level of review under the regulations, not as the insurer under the Policy. The fact that FEMA reviewed the claim does not turn the WYO Program policy into a policy written by the federal government. *See Bruno*, 2009 U.S. Dist. LEXIS 13910, at *19 (FEMA's administrative review of Nationwide's disallowance does not trigger the limited waiver under 42 U.S.C. § 4072.). The limited waiver of sovereign immunity found in the Act does not apply to Mertz's claim for benefits under the Policy.

Mertz also argues that the terms of the Policy are ambiguous, that federal law governs the construction of the Policy language, and that ambiguities found in the Policy should be construed

in favor of him as the insured. Specifically, Mertz argues that the term "us" in Paragraph R of Section VII of the Policy could be construed to refer to either American or FEMA. However, the same term is used in Paragraph J of Section VII of the Policy to identify the entity to which notice and proof of loss should be made. Mertz properly construed the term in paragraph J to mean the insurer, American, and filed his initial claim documents with American, not FEMA. Clearly, the term was not ambiguous to Mertz in that context. Even assuming that the language in the Policy is ambiguous, it is clear that any waiver of sovereign immunity must be made by an act of Congress and set forth in a statute, not an insurance policy drafted by a federal agency.

The unequivocal waiver of sovereign immunity found in the Act is limited to actions against FEMA as an insurer under a Standard Flood Insurance Policy issued by the Administration. Mertz purchased the Policy from American, not the Administrator. As such, his claim for monies due under the Policy is against American, not FEMA, and the limited waiver of immunity set forth in the Act does not apply to the case at hand. Mertz has failed, and is unable even with amendment, to state a viable claim for relief against FEMA for monies due under the Policy.

*Conclusion*

FEMA's motion (#12) to dismiss for lack of jurisdiction should be GRANTED.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **February 28, 2011**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and

Recommendation will go under advisement.

DATED this 11th day of February, 2010.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge