UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

GUNNAR H. MERTZ,                                              Case No. 3:10-CV-260-AC

                        Plaintiff,                            FINDINGS AND
                                                              RECOMMENDATION
        v.

AMERICAN FAMILY INSURANCE,

                        Defendant.
_____

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

        Defendant American Family Insurance ("American") moves to dismiss the complaint

("Complaint") filed against it by plaintiff Gunnar H. Mertz ("Mertz") to collect monies allegedly due

him under a Standard Flood Insurance Policy (the "Policy") issued pursuant to the National Flood

Insurance Act of 1968 (42 U.S.C. 4001 *et seq.*)(the "Act"). American asserts that this court lacks jurisdiction arguing that both Mertz and American are citizens of Oregon and the amount in controversy is less than $75,000, and that insurance contract disputes are a matter of state law. The court finds that it has original exclusive jurisdiction over the Complaint for damages based on American's denial of Mertz's claim made under the Policy and that American's motion to dismiss should be denied.

*Background*

Mertz purchased the Policy to protect his home and contents located in Clackamas, Oregon (the "Property"). The Policy was issued pursuant to the Act by American as an insurance carrier participating in the write-your-own program ("WYO Program"). On January 2, 2009, the Clackamas River flooded and caused damage to the Property. (Compl. at 1.) Mertz filed a claim with American seeking payment for his losses. On May 1, 2009, American informed Mertz by letter that his claim for damage to his air handlers, refrigerator/freezers, and driveway gravel was not covered under the Policy and was, therefore, denied. (Compl. Ex. A at 1-4.) American advised Mertz that if he did not agree with the decision, he could file an appeal of the decision within sixty days to the Federal Emergency Management Agency ("FEMA"). (Compl. Ex. A at 4-5.)    Mertz appealed the denial. (Compl. at 1.)

In a letter dated December 31, 2009, FEMA notified Mertz that it had evaluated his claim file and determined there were no obvious discrepancies or inconsistencies in the adjustment of his claim. (Compl. Ex. B at 1.) FEMA explained that "coverage limitations, the policy conditions and coverage exclusions were correctly stated by American Family. On the basis of all information provided by the parties involved in this matter, FEMA concurs with American Family's position and

upholds their final determination. No further administrative review will be provided." (Compl. Ex. B at 2.) FEMA then advised Mertz that if he did not agree with the decision, he should refer to Section VII, General Conditions, Paragraph R of the Policy, which provides:

> You may not sue us to recover money under the **policy** unless you have complied with all the requirements of the **policy**. If you do sue, you must start the suit within 1 year after the date of the written denial of all or part of the claims, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this **policy** and to any dispute that you may have arising out of the handling of any claim under the **policy**.

(Compl. Ex. B at 2; Mem. in Opp'n to Mot. to Dismiss Ex. A.)

Mertz filed an action in this court against FEMA on March 9, 2010, seeking to recover amounts due him under the Policy. FEMA moved to dismiss the complaint asserting that the United States did not consent to the suit, that it retained sovereign immunity, and that this court lacked subject matter jurisdiction over the action. The court granted FEMA's motion to dismiss, advised Mertz, who is appearing *pro se*, that his claim for monies due under the Policy is against American, not FEMA, and allowed Mertz to file another complaint naming American as a defendant. *Mertz v. FEMA*, No. 10-CV-260, 2011 WL 3563113 (D. Or. Feb. 12, 2011), *adopted in* 2011 WL 3563130 (D. Or. Aug. 10, 2011); Minute Order dated August 16, 2011. Mertz filed the Complaint on November 14, 2011, and American now moves to dismiss for lack of jurisdiction.

### Legal Standard

The federal district courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 552 (2005). The burden of establishing jurisdiction rests with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Subject matter jurisdiction, because it involves the court's power to hear a case, can never be

forfeited or waived. *U.S. v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, when a federal court finds that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

A motion to dismiss for lack of subject matter jurisdiction is governed by FED. R. CIV. P. 12(b)(1). The court will grant a Rule 12(b)(1) motion if the complaint fails to allege facts sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Alternatively, a defendant may seek dismissal under Rule 12(b)(1) by presenting evidence to refute the jurisdictional facts alleged in the complaint. *Id.* Once the defendant has introduced such evidence, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*

*Discussion*

Mertz does not allege a basis for federal jurisdiction in the Complaint. In its motion to dismiss, American asserts that Mertz is unable to establish subject matter jurisdiction through either diversity or federal question. In response, Mertz argues that because this action existed prior to January 6, 2012, it is not subject to the "Federal Courts Jurisdiction and Venue Clarification Act" and that the Policy specifically required him to file this action in the "United States District Court of the district in which the insured property was located at the time of the loss." (Mem. in Opp'n to Mot. to Dismiss at 1.)

Congress has divided district court subject matter jurisdiction under Article III of the United States Constitution into three categories: (1) all cases arising under the Constitution, laws, or treaties of the United States, under 28 U.S.C. § 1331; (2) cases involving citizens of diverse states under 28 U.S.C. § 1332; and (3) cases of admiralty law under 28 U.S.C. § 1333. Section 1331 provides for

Page 4- FINDINGS AND RECOMMENDATION                                    *{SIB}*

federal question jurisdiction, and "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction is governed by section 1332, which authorizes district courts to exercise original jurisdiction over such actions only when the amount in controversy exceeds $75,000, exclusive of interests and costs, and all the plaintiffs are citizens of different states from all the defendants. 28 U.S.C. 1332(a) (2011).

In *Van Holt v. Liberty Mut. Fire Inc. Co.*, 163 F.3d 161, 167 (3rd Cir. 1998), the court unequivocally held that "42 U.S.C. § 7042 vests district courts with original exclusive jurisdiction over suits by claimants against WYO companies based on partial or total disallowance of claims for insurance arising out of the National Flood Insurance Act." The Third Circuit relied on the fact that Liberty, an insurer under the WYO Program, was acting as a fiscal agent of the United States and that, therefore, "a lawsuit against a WYO company is, in reality, a suit against FEMA." *Id*. The Ninth Circuit adopted this view in *Flick v. Liberty Mut. Fire Inc. Co.*, 205 F.3d 386, 390 (9th Cir. 2000) providing the additional justification of "a compelling interest in assuring uniformity of decision in cases involving the [Act]".

In the Complaint, Mertz seeks damages resulting from American's denial of Mertz's claim under the Policy.  American issued the Policy pursuant to the Act as an insurance carrier participating in the WYO Program.  Accordingly, it is clear from the Complaint and the attached exhibits that this court has exclusive jurisdiction over Mertz's claim.  This finding is further supported by the language in the Policy which mirrors that found in 42 U.S.C. § 4702 and provides that any claim arising under the Policy or out of the handling of any claim under the Policy shall be

filed in the United States District Court.  The Policy also specifically provides that "[t]his **policy** and all disputes arising from the handling of any claim under the **policy** are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et seq.), and Federal common law." (Mem. in Opp'n to Mot. to Dismiss Ex. A at 1.)  This language requires the application of federal statutory and common law and ensures the uniformity of decisions in cases involving the Act desired by the Ninth Circuit in *Flick*.

This court has exclusive jurisdiction over Mertz's claim against American based on American's denial under the Policy.  Because the court has federal question jurisdiction, American's argument with regard to the absence of diversity jurisdiction is not relevant and need not be addressed.  Accordingly, American's motion should be denied.

## Conclusion

American's motion (#41) to dismiss for lack of subject matter jurisdiction should be DENIED.

## Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **April 2, 2012**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 16th of March, 2012.

JOHN V. ACOSTA
United States Magistrate Judge