UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GUNNAR H. MERTZ, | Case No. 3:10-CV-260-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| AMERICAN FAMILY INSURANCE, | |
| Defendant. | |

_____

ACOSTA, Magistrate Judge:

*Introduction*

Presently before the court is the motion for summary judgment filed by defendant American

Family Insurance ("American") seeking dismissal of the claims asserted against it by plaintiff

Gunnar H. Mertz ("Mertz") to collect monies allegedly due Mertz under a Standard Flood Insurance

Policy (the "Policy") issued by American pursuant to the National Flood Insurance Act of 1968 (42 U.S.C. 4001 *et seq.*)(the "Act").   American asserts that Mertz failed to meet two conditions precedent set forth in the Policy – filing a proof of loss with regard to the items for which Mertz now seeks compensation and filing an action against American within one year from the date Mertz received his denial letter – and is, therefore, not entitled to pursue this action.   Alternatively, American argues that the items for which Mertz is currently seeking compensation were not covered under the Policy.   Mertz moves to dismiss American's motion for summary judgment and for summary judgment himself.

The court finds that Mertz failed to file a proof of loss for the property that is the subject of this action and is barred from pursuing this action under the terms of the Policy.   American's motion for summary judgment should be granted.   Mertz's motions should be dismissed.

*Preliminary Procedural Matter*

The evidence presented in support of or in opposition to a motion for summary judgment must be based on personal knowledge, properly authenticated, and admissible under the Federal Rules of Evidence. FED. R. CIV. P. 56 (2013).   "The requirement of authentication * * * as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901(a).   Evidence that is not properly authenticated will not be considered by the court when reviewing a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).

Here, both Mertz[1] and American offer documentary evidence consisting of what appears to

---

[1]Mertz, who is appearing *pro se* in this action, was advised of his obligations in opposing a summary judgment in a Summary Judgment Advice Notice and Scheduling Order mailed to him by the court on April 11, 2013.

be correspondence between Mertz and American or an independent adjuster,[2] reports authored by an independent adjuster, signed proof of loss forms, and lists of items damaged by the flood prepared by Mertz.  Normally, the foundation for the admission of such evidence is provided in an affidavit of someone with personal knowledge that the documents submitted are what they appear to be, such as a custodian of business records.  *Id*. at 773-4.  Neither party has offered any foundation for the admission of the documents, through affidavit or otherwise.

A few documents have been offered by both parties.  The court views the mutual offering as an implied stipulation that these documents are what they purport to be.  Accordingly, the mutually offered documents, which consist of a May 1, 2009, letter from American to Mertz identified as Exhibit "A" to the complaint; a letter stamped with the date " December 31, 2009," from the Federal Emergency Management Agency, Department of Homeland Security ("FEMA"), to Mertz identified as Exhibit "B" to the complaint; a three-page of a list of losses prepared by Mertz and apparently faxed to an insurance adjuster on January 27, 2009, identified as Exhibit "AL" to Mertz's Motion to Dismiss Defendants Motion for Summary Judgment; a proof of loss claiming $35,134.00 in damages signed by Mertz on May 12, 2009; and a supplemental proof of loss claiming an additional $820.10 in damages signed by Mertz, are authenticated and admitted.  The remaining documents may be considered by the court only if they fall within the parameters of Federal Rule of Evidence 901(b) or 902.  *Id.*

The only exception relevant to the documents submitted by the parties is Rule 901(b)(4)

---

[2]At oral argument, Mertz referenced a March 2009 email from himself to an independent adjuster listing items damaged by the flood not previously offered to the court.  The court allowed Mertz the opportunity to provide that email to the court on or before September 9, 2013.  The email, and additional information allegedly faxed to the independent adjuster by Mertz in March 2009, all filed on September 5, 2013, were not authenticated in a sworn affidavit.

which provides that "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, together with all the circumstances" may provide the foundation necessary to authenticate a document. FED. R. EVID. 901(b)(4). The vast majority of the remaining documents appear to be copies of web pages offered by Mertz to support the claimed value of personal property damaged by the flood. These web pages do not contain the distinct or unique characteristics required under Rule 901(b)(4) for authentication and are not admitted. The remaining documents are either correspondence on American letterhead addressed to Mertz, some with copies of checks from American payable to Mertz as compensation for his loss attached, or various reports from a claim adjuster with unsigned copies of proposed proof of loss forms attached. These documents are offered by American, either the originator of the correspondence or the entity that hired the originator of the reports. In the absence of any distinctive characteristics which would provide a basis for establishing that the documents are what they purport to be, and not documents created by American solely for the purpose of defending this action, the court finds that these documents are not properly authenticated under Rule 901(b)(4) and are excluded.

The court strikes all evidence offered by the parties except the evidence mutually offered by both parties. The court notes that virtually all of the excluded evidence was offered solely by American. Because the court recommends granting American's motion for summary judgment even in the absence of the excluded documents, and the few excluded documents offered by Mertz are not relevant to the court's decision, these evidentiary rulings are not outcome determinative and do not result in prejudice to either party.

*Background*

Mertz purchased the Policy to protect his home and contents located in Clackamas, Oregon

(the "Property").  The Policy was issued pursuant to the Act by American as an insurance carrier

participating in the write-your-own program ("WYO Program").  On January 2, 2009, the Clackamas

River flooded and caused damage to the Property.  (Goodnough Aff. ¶ 9.)

The Policy, the terms of which are determined by the federal government and may be found

at 44 C.F.R. Pt. 61, App. A (1), provides that in the event of a flood loss to an insured property, the

insured must:

1. Give prompt written notice to us[3];

2.  As soon as reasonably possible, separate the damaged and undamaged property,
putting it in the best possible order so that we may examine it;

3.  Prepare an inventory of damaged property showing the quantity, description,
actual cash value, and amount of loss.  Attach all bills, receipts, and related
documents;

4.  Within 60 days after the loss, send us a proof of loss, which is your statement of
the amount you are claiming under the policy signed and sworn to by you, and which
furnishes us with the following information:

a.  The date and time of loss;

b.  A brief explanation of how the loss happened;

c.  Your interest (for example, "owner") and the interest, if any, of others in
the damaged property;

d.  Details of any other insurance that may cover the loss;

e.  Changes in title or occupancy of the covered property during the term of
the policy;

f.  Specifications of damaged buildings and detailed repair estimates;

---

[3]This court previously held that the term "us" in this paragraph refers to American, as the
insurer under the Policy. *Mertz v. FEMA*, No. 10-CV-260, 2011 WL 3563113, at *5 (D. Or. Feb.
12, 2011), *adopted in* 2011 WL 3563130 (D. Or. Aug. 10, 2011).

g.  Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

h.  Details about who occupied any insured building at the time of loss and for what purpose; and

i.  The inventory of damaged personal property described in J.3. above.

5.  In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount.

6.  You must cooperate with the adjuster or representative in the investigation of the claim.

7.  The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it.  However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it.

8.  We have not authorized the adjuster to approve or disapprove claims or to tell you whether we will approve your claim.

9.  At our option, we may accept the adjuster's report of the loss instead of your proof of loss.  The adjuster's report will include information about your loss and the damages you sustained. You must sign the adjuster's report.  At our option, we may require you to swear to the report.

44 C.F.R. Pt. 61, App. A (1), §VII (J).

Mertz contacted American to report the flood and resulting losses.  American assigned Sweet Claims Service, an independent insurance adjuster, to assist Mertz with estimating, preparing, and filing his claim as a courtesy to Mertz.  (Goodnough Aff. ¶ 9.)  On January 27, 2009, Mertz faxed to Kevin Pike, the Sweet Claims Service adjuster ("Pike"), a supplemental list of personal property items and structures damaged by the flood indicating a total loss of $59,216.00.  (Pl. Mot. to Dismiss Def.'s Summ. J. Ex. AL.)

On May 1, 2009, American advised Mertz by letter that his claims based on damage to his

air handlers, refrigerator/freezers, and driveway gravel were not covered under the Policy. (Compl. Ex. A.) The letter represented that these claims were identified in the adjuster's final report, not identified by Mertz in a proof of loss. (Am. Compl. Ex. A.) American specifically advised Mertz that "[w]e have not received your signed, dated and sworn proof of loss therefore we are closing your claim without payment, pursuant to the Standard Flood Insurance Policy." (Am. Compl. Ex. A, at 4.) Subsequently, Mertz filed a proof of loss claiming a gross loss of $39,838.30, and requesting a net payment of $35,134.00, after deductions for depreciation and deductibles, signed by him on May 12, 2009, and a supplemental proof of loss claiming an additional $820.10. Both proof of loss forms bear a stamped date of May 22, 2009. (Def.'s Summ. J. Ex. PC 186-7). Mertz remembers signing both of these forms as well as a third proof of loss in the amount of $1,120 stamped with a December 14, 2009, date. (Mertz Dep. 38:6-23.) These were the only three proof of loss forms filed with regard to Mertz's loss. (Mertz Dep. 38:24-39:3.)

American eventually paid Mertz a total of $37,059.36, representing four payments in the amounts of $23,857.56, $11,276.44, $804.64, and $1,120.72. (Goodnough Aff. ¶ 9.) The payments represent all but approximately $15.00 of the losses claimed by Mertz in the three proof of loss forms submitted to American. Mertz has not submitted a fourth proof of loss seeking recovery for his air handlers, refrigerator/freezers, or driveway gravel. (Goodnough Aff. ¶ 14.)

Mertz appealed American's failure to pay his claims for damage to the air handlers, refrigerator/freezers, and driveway gravel to FEMA. In a letter dated December 31, 2009, FEMA notified Mertz that it had evaluated his claim file and determined there were no obvious discrepancies or inconsistencies in the adjustment of his claim. (Am. Compl. Ex. B, at 1.)

Mertz filed an action in this court against FEMA on March 9, 2010, seeking to recover

$13,932 under the Policy for the loss of the air handlers, refrigerator/freezers, and driveway gravel. FEMA moved to dismiss the complaint asserting that the United States did not consent to the suit, that it retained sovereign immunity, and that this court lacked subject matter jurisdiction over the action. The court granted FEMA's motion to dismiss, advised Mertz that his claim for monies due under the Policy was against American, not FEMA, and allowed Mertz to file another complaint naming American as a defendant. *Mertz v. FEMA*, No. 10-CV-260, 2011 WL 3563113 (D. Or. Feb. 12, 2011), *adopted in* 2011 WL 3563130 (D. Or. Aug. 10, 2011); Minute Order dated August 16, 2011. Mertz filed an amended complaint on November 14, 2011, identifying American as the defendant and increasing the amount sought to $15,932.

American now moves for summary judgment. Mertz's motion to dismiss American's summary judgment motion contains arguments in opposition to the summary judgment motion and is more properly characterized as his opposition brief. In his cross-motion for summary judgment, Mertz seeks an additional $13,400 for the increased costs of driveway aggregate and air handlers, increasing the total amount requested to $29,332.

*Legal Standard*

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2012). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts

which show a genuine issue for trial. *Id*. at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. A party asserting that a fact cannot be true or is genuinely disputed must support the assertion with admissible evidence. FED. R. CIV. P. 56(c) (2012). The "mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations marks omitted).

*Discussion*

American moves for summary judgment arguing that Mertz did not meet all conditions precedent to filing a suit to recover under the terms of the Policy. The Policy specifically provides

that a policy holder may not sue to recover money under the Policy unless they have complied with all the requirements of the Policy. 44 C.F.R. Pt. 61, App. A (1), §VII (R). The Policy requires a claimant to submit a sworn proof of loss containing specific information to the insurer within sixty days of the loss. The Policy specifically states that the claimant must use his own judgment in estimating the amount of loss and that the assistance of an insurance adjuster is a "courtesy only" – the claimant must still send "a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it." 44 C.F.R. Pt. 61, App. A (1), §VII (J)(7).

Based on the evidence properly before the court, it is clear that Mertz submitted three proof of loss forms claiming the net amount of $37,074.10, and that American paid him $37,059.36 for his losses. Accordingly, Mertz was paid virtually in full for the amounts claimed in the submitted proof of loss forms. The claims based on the air handlers, refrigerator/freezers, and driveway gravel were not included in these proof of loss forms or a separate fourth proof of loss. Accordingly, Mertz failed to meet the requirement that he file a sworn proof of loss for this property within sixty days of his loss.

The Ninth Circuit has clearly and unequivocally adopted a strict compliance rule with regard to any Policy issued by either the federal government or a private insurance company participating in the WYO Program.

> Because flood losses, whether insured by FEMA or by a participating WYO insurer, are paid out of the National Flood Insurance Fund, a claimant under a standard flood insurance policy must comply strictly with the terms and conditions that Congress has established for payment. That is the simple but powerful command of the Appropriations Clause. Congress, through a valid act of delegation to FEMA, has authorized payment of flood insurance funds only to those claimants that submit a timely sworn proof of loss. We therefore have no more power to award a money remedy to a flood insurance claimant who submits a sworn proof of loss after the 60 day time limit than we have to award a money remedy to a disability benefits

> claimant whose income exceeds a statutory earnings limit.  The 60 day sworn proof
> of loss requirement is a condition precedent to payment for which all claimants are
> strictly accountable.

*Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 394-95 (9th Cir. 2000)(citations omitted).  This strict compliance rule has resulted in the dismissal of actions in which claimant's requested amounts in excess of that already paid by the insurer in the absence of a timely-filed proof of loss for the additional amounts.  *Alyward v. FEMA*, 781 F. Supp. 2d 272, 280 (W.D.N.C. 2011)("By failing to submit a second [proof of loss] for any additional amounts above what they were already compensated for, the plaintiffs failed to comply with the terms of the [Policy] as a matter of law, and FEMA is entitled to summary judgment."); *Absolute Restoration and Remodeling v. Middleton*, Civil Action No. H-10-3696, 2011 WL 6141076, at *2 (S.D. Tex. Dec. 9, 2011)("Any legal claim for an additional amount is barred unless supported by a supplemental sworn proof of loss filed within the sixty-day period.").  Applying the holding of *Flick* to the facts before the court, it is clear that Mertz's failure to file a timely proof of loss for additional amounts relating to the air handlers, refrigerator/freezers, and driveway gravel defeats Mertz's claim to recover for the loss of this property.

Mertz argues that the three-page list of losses he prepared and faxed to Pike on January 27, 2009, qualified as a proof of loss.  The list references the totals from a previous list and sets forth additional items lost  in the flood and includes "heat pumps" and "freezers (3)" but not the driveway gravel.  The list does not meet all the elements of a proof of loss identified in the Policy, such as the requirements that the proof of loss be sworn to by the insured and contain an explanation of when and how the loss happened.  Under the strict compliance required by *Flick*, the three-page list does not satisfy the requirement that a proof of loss be submitted within sixty days.

Mertz also argues that because Pike assisted by preparing the first proof of loss for Mertz's approval and signature, he relied on Pike to take care of the paperwork with regard to the additional items. The Policy specifically cautions the insured that the hiring of an insurance adjuster to investigate the claim and assist in completing a proof of loss "is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it." 44 C.F.R. Pt. 61, App. A (1), §VII (J)(7). Mertz was solely responsible for filing the proof of loss and could not rely on Pike to make sure that the appropriate proof of loss was submitted in a timely manner.

Finally, Mertz argues that the payments made to him by American under the Policy are evidence that all Policy requirements were met. While this may be true of the three proof of loss forms submitted by Mertz and accepted by American, it does not establish that Mertz met all Policy requirements with regard to his claim for damage to his air handlers, refrigerator/freezers, or driveway gravel.

The proof of loss forms filed by Mertz did not include the air handlers, refrigerator/freezers, or driveway gravel and Mertz did not file a fourth proof of loss with regard to these items. The terms of the Policy, including the requirement that an insured submit a proof of loss within sixty days of the loss as a condition precedent to filing an action recover amounts due under the Policy, must be strictly complied with. Accordingly, Mertz's failure to file a proof of loss with regard to the property at issue in this action prevents him from pursuing his claim. American is entitled to summary judgment. American's alternative arguments that Mertz failed to file this action in a timely manner and that the losses claimed by Mertz were not covered under the Policy need not, and will not , be addressed.

*Conclusion*

American's motion (#62) for summary judgment should be GRANTED based on Mertz's failure to file proof of loss for the property that is the subject of this action and DENIED as moot in all other respects.  Mertz's motion (#66) for summary judgment and motion (#67) to dismiss American's motion for summary judgment should be DENIED.  A judgment dismissing this case with prejudice should be entered.

<u>Scheduling Order</u>

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **October 4, 2013**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 19th of September, 2013.


_____/s/  John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge