IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**GUNNAR H. MERTZ,**                              10-CV-00260-AC

       Plaintiff,
                                              ORDER

v.

**AMERICAN FAMILY INSURER,**

       Defendant.


**Gunnar H. Mertz**
17640 S.E. 130th Ave.
Clackamas, OR 97015
(702) 807-6970

       Plaintiff, *Pro Se*

**MICHAEL D. BREININ**
**WILLIAM T. TREAS**
Nielsen, Carter & Treas, LLC
3838 N. Causeway Blvd.
Suite 2850
Metairie, LA 70002
(504) 837-2500

1 - ORDER

**TIMOTHY J. HEINSON**
Lachenmeier Enloe Rall & Heinson
9600 S.W. Capitol Highway
Portland, OR 97219
(503) 768-9600

    Attorneys for Defendant

**BROWN, Judge.**

    Magistrate Judge John V. Acosta issued Findings and Recommendation (F&R)(#88) on September 19, 2013, in which he recommends this Court grant Defendant American Family Insurer's Motion (#62) for Summary Judgment based on Mertz's failure to file proof of loss for the property at issue and deny as moot Defendant's Motion for Summary Judgment in all other respects. The Magistrate Judge also recommends the Court deny Plaintiff Gunnar H. Mertz's Motion (#66) for Summary Judgment and Motion (#67) to Dismiss Defendant's Motion for Summary Judgment.

    Plaintiff filed timely Objections to the Findings and Recommendation on September 30, 2013.  This matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

2 - ORDER

In his Objections Plaintiff argues the Magistrate Judge's conclusion in the Findings and Recommendation was erroneous because (1) Plaintiff was not informed in Defendant's June 2, 2009, denial letter that Defendant would raise as a defense Plaintiff's failure to submit a proof of loss and (2) there is a genuine issue of fact as to whether Plaintiff was required to file a proof of loss as a condition precedent to his claim in light of the holding in *Henderson v. Farmers Group, Inc.*, 210 Cal. App. 4th 459 (2012).

The Court does not find compelling Plaintiff's argument regarding not being informed of Defendant's defense of failure to file a proof of loss, because Plaintiff misstates the evidence in the record and, in any event, Plaintiff would still have had a duty to file a proof of loss within 60 days of the date of loss as required by Standard Flood Insurance Policy issued by Defendant pursuant to the National Flood Insurance Act of 1968 (42 U.S.C. § 4001, *et seq*.) as part of Defendant's participation in the "write-your-own" (WYO) Program. F&R at 1-2, 5. Although Plaintiff argues Defendant did not state in its June 2, 2009, denial letter that Plaintiff's failure to file a proof of loss was a reason for Defendant's denial of Plaintiff's claim, the record reflects Plaintiff was actually notified of Defendant's defense one month earlier. As the Magistrate Judge pointed out, Defendant specifically advised Plaintiff in a May 1, 2009, letter

3 - ORDER

that Plaintiff's claims based on damage to his air handlers, refrigerator/freezers, and driveway gravel were not covered under the Policy. Defendant also specifically advised Plaintiff in the letter that "[w]e have not received your signed, dated and sworn proof of loss therefore we are closing your claim without payment, pursuant to the Standard Flood Insurance Policy." F&R at 7.

Even if Plaintiff had not received notice of Defendant's defense until June 2, 2009, the law does not support the inference that Plaintiff appears to be making: that lack of notice would have relieved Plaintiff of his obligation to timely file a proof of loss. As the Magistrate Judge noted, it is clearly established in the Ninth Circuit that a timely-filed proof of loss is a condition precedent to payment for any claim under a policy issued pursuant to the WYO Program and strict compliance is required. F&R 11 (citing *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 394-95 (9th Cir. 2000))("The 60 day sworn proof of loss requirement is a condition precedent to payment for which all claimants are strictly accountable."). The Court, therefore, concludes the Magistrate Judge properly found "[Plaintiff's] failure to timely file a proof of loss for amounts related to the air handlers, refrigerator/freezers, and driveway gravel defeats [Plaintiff's] claim to recover for the loss of this property." F&R at 11.

4 - ORDER

The Court also finds Plaintiff's contention that there is an issue of fact as to whether he was required to file a proof of loss in light of the holding in *Henderson* is without merit.  *Henderson* is a California state-court case in which the court applied California law to a claim for loss under a fire-insurance policy that contained a proof-of-loss provision required under California law.  Here Plaintiff's claim for loss is due to flooding under a Standard Flood Insurance Policy and is governed by federal law.  Accordingly, the Court concludes *Henderson* is inapplicable.

In the remainder of his Objections Plaintiff merely reiterates the arguments contained in his Motion (#66) for Summary Judgment and Motion (#67) to Dismiss Defendant's Motion for Summary Judgment.  Thus, this Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation.

The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation (#88) and, accordingly, **GRANTS** Defendant's Motion (#62) for Summary Judgment based on Mertz's failure to file proof

5 - ORDER

of loss for the property at issue and **DENIES as moot** Defendant's Motion for Summary Judgment in all other respects.  The Court also **DISMISSES** Plaintiff's Motion (#66) for Summary Judgment and Motion (#67) to Dismiss Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED this 6th day of December, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge